UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

INCOMPASS IT, INC.,                                  Case No. 11-CV-0629 (PJS/JJG)

                    Plaintiff,
                                                     MEMORANDUM OPINION
v.                                                        AND ORDER

DELL, INC.,

                    Defendant.

---

Alfred M. Stanbury, STANBURY LAW FIRM P.A., for plaintiff.

Christopher A. Riley, Erica L. Fenby, and Michael P. Kenny, ALSTON & BIRD,
LLP, Arthur G. Boylan and Todd A. Noteboom, LEONARD STREET AND
DEINARD, PA, for defendant.

This matter is before the Court on the motion of defendant Dell, Inc. ("Dell") to dismiss

certain claims brought by plaintiff InCompass IT, Inc. ("InCompass") in its amended complaint.[1]

*See* Def. Part. Mot. to Dismiss [Docket No. 35].  Specifically, Dell seeks to dismiss the following

counts:  Counts I (breach of non-disclosure agreement ("NDA")) and II (misappropriation of

trade secrets) insofar as they relate to InCompass's energy-saving technology; Count IV

(fraudulent misrepresentation); Count V (Lanham Act); and Count VI (Minnesota Deceptive

Trade Practices Act).  *See* Am. Compl. [Docket No. 33].

For the reasons that follow, the Court denies Dell's motion insofar as it pertains to the

fraudulent-misrepresentation claim (Count IV), but grants Dell's motion in all other respects.

---

[1]In an earlier order, the Court dismissed with prejudice InCompass's claims for
conversion, unfair competition, and unjust enrichment.  The Court also dismissed without
prejudice InCompass's claims for breach of a non-disclosure agreement and misappropriation of
trade secrets insofar as those claims pertained to InCompass's energy-saving technology.  *See*
Aug. 24, 2011 Order [Docket No. 19].

*A.  Standard of Review*

Under Fed. R. Civ. P. 12(b)(6), a court must accept as true a complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the plaintiff's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  In assessing a claim's plausibility, the Court may disregard any allegation that is conclusory.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (holding that "conclusory" allegations "are not entitled to the assumption of truth.").

The parties are familiar with the facts, so they will not be repeated here.

*B.  Counts I and II*
*(Breach of the NDA and Misappropriation of Trade Secrets)*

The Court previously dismissed without prejudice InCompass's claims for breach of the NDA and misappropriation of trade secrets insofar as those claims pertained to InCompass's energy-saving technology.  The Court dismissed those claims because, as pleaded, they failed to adequately describe the nature of InCompass's technology or how Dell allegedly disclosed or misappropriated that technology.  *See* Aug. 24, 2011 Order [Docket No. 19]; *see also* Tr. from Hearing on Dell's Mot. to Dismiss Original Compl. on Aug. 24, 2011 at 37 [Docket No. 21].

The amended complaint provides some additional information about InCompass's energy-saving technology.  Specifically, the amended complaint (and the attachments to that complaint) disclose that InCompass's invention is a software-based system that monitors servers and automatically powers them on and off based upon usage.  *See* Am. Compl. at ¶ 26.  But the

amended complaint describes this technology at such a high level of generality that it remains difficult for the Court to determine whether the complaint states a plausible claim that Dell misappropriated the technology.  This problem is compounded by the fact that the amended complaint does not provide a basis for believing that Dell might have disclosed or misappropriated this technology.  The only thing that InCompass points to is an online article published by Dell in August 2008 in which Dell touts its own energy-saving technology.  *See* Am. Compl. at ¶ 27 and Ex. D [Docket No. 33-4].  As InCompass conceded at the hearing, however, this article does not even describe a *software-based* energy-saving system such as InCompass's.  Rather, this article describes a *hardware-based* technology that had been built into Dell's servers.  Nowhere in its amended complaint or in its briefing does InCompass explain how this article supports a plausible claim that Dell disclosed or misappropriated its energy-saving technology.

What the amended complaint does make clear is that the industry is very concerned about the high amounts of energy required to power modern servers, and that everyone in the industry is looking for ways to save energy costs.  Indeed, InCompass's CEO, Tim Lambrecht, spoke on that very subject at a summit in February 2008.  *See* Am. Compl. at ¶ 19 ("Lambrecht traveled to Texas in February 2008 to speak at the Channel Summit 2008 conference to educate others about the waste of IT energy.").  There is nothing confidential about the fact that servers use a lot of energy, and there is nothing confidential about the fact that one way to reduce the amount of power used by an electrical device is to power it off when it is not needed and power it on when it is needed.  InCompass appears to have invented a software-based technique — and Dell a hardware-based technique — to save energy costs in this manner.

The amended complaint fails to plead sufficient facts to state a plausible claim that Dell disclosed or misappropriated the energy-saving technology of InCompass.  The Court therefore dismisses Counts I and II insofar as they pertain to InCompass's technology.  The dismissal is without prejudice, but InCompass will not be given leave to plead these claims again.

### C.  Count IV (Fraudulent Misrepresentation)

To plead a viable fraudulent-misrepresentation claim, InCompass must plausibly allege that Dell knowingly or recklessly made a materially false representation with the intent to induce InCompass to act, and that InCompass in fact acted and suffered damages in reliance on Dell's false representation.  *Florenzano v. Olson*, 387 N.W.2d 168, 174 n.4 (Minn. 1986).  The allegedly false representation must be about a past or existing fact that is susceptible of knowledge, or about a "'misrepresentation of a present intention.'"  *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009) (quoting *Vandeputte v. Soderholm*, 216 N.W.2d 144, 147 (Minn. 1974)) (explaining that it is fraud to make a promise that one has no intention of keeping).

The Court agrees with Dell that, in its amended complaint, InCompass alleges only that Dell lied by making promises that it did not intend to keep, and not that Dell lied about past or existing facts.  *See, e.g.*, Am. Compl. at ¶ 91 ("Coulter represented to Lambrecht that InCompass *would* not have to worry about poaching . . . .") (emphasis added); Am. Compl. at ¶ 93 ("Carder represented to Lambrecht that nobody from Dell's direct sales team *would* obtain information about InCompass's client.") (emphasis added).[2]  But the Court disagrees with Dell that

---

[2]In its briefing, InCompass tries to turn these representations about future performance into representations about present fact by arguing that, when the amended complaint alleges that

(continued...)

InCompass's allegations about false promises are inadequately pleaded.  The Court finds that, although the question is close, the amended complaint adequately pleads that Dell — through employees Casey Coulter and Cody Carder — made promises to Lambrecht that Dell did not intend to keep and that, by Dell's own admission, Dell could not have kept.  Specifically, the amended complaint alleges that shortly after Lambrecht had shared InCompass's confidential client information with Dell, he was informed by a Dell employee that "ultimately [Dell's] sales force use[s] the registration data to poach the clients of channel resellers and that there was *no way* to stop it," Am. Compl. at ¶ 43 (emphasis added), and that "[Dell's culture of direct sales], which is *next to impossible* to change, is incompatible with a partner program."  Am. Compl. at ¶ 44 (emphasis added).  In light of these specific allegations, the Court concludes that InCompass has pleaded a plausible claim that Carder and Coulter fraudulently induced InCompass to disclose its confidential information to Dell by making promises that they knew would not be kept.

### D.  Count V (Lanham Act)

InCompass fails to state a claim for false-advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for at least two reasons:

*First*, the amended complaint alleges that Dell advertised its PartnerDirect Program to prospective channel partners such as InCompass, that Dell made false representations about the

---

[2](...continued)
Dell promised that it would do something in the future, the amended complaint *implicitly* alleges that Dell represented that it had in place a system to accomplish what was being promised — specifically, a system to prevent its direct-sales team from poaching confidential customer information provided by channel partners such as InCompass.  But the amended complaint does not contain a single allegation that Dell represented to InCompass that it had such a system in place.

program in those advertisements, and that, in reliance on those false representations, InCompass

shared its confidential client information with Dell — information that Dell's direct-sales team

then stole.  *See* Am. Compl. at ¶ 61(a).  What InCompass describes, however, is not a Lanham

Act claim.  The conduct described by InCompass might give rise to claims under state law —

such as the claims for breach of contract, misappropriation of trade secrets, tortious interference

with contract, and fraudulent misrepresentation that InCompass has brought in this action.  But

the Lanham Act is not the federal equivalent of such state-law claims.  The Lanham Act was not

enacted to protect *consumers* from purchasing a faulty product or service based on a false

advertisement; it was instead enacted to protect *sellers* from being harmed by the false

advertisements of their competitors.  *See generally United Indus. Corp. v. Clorox Co.*, 140 F.3d

1175, 1179 (8th Cir. 1998).

Here, InCompass has not alleged that it suffered a competitive injury as a result of the

allegedly false advertisements that Dell directed at prospective channel partners.  InCompass and

Dell are competitors in the sale of computers (as well as in the sale of computer-related hardware

and in the provision of information-technology services).[3]  But the allegedly false advertisements

were not promoting computers; instead, the advertisements were promoting a program by which

technology companies can partner with Dell.  InCompass does not offer a similar program, and

---

[3]The Court disagrees with Dell's contention that InCompass and Dell are not competitors because they both sell Dell products.  The fact that Dell sells its products directly and InCompass is a reseller does not mean that the two are not in competition to sell Dell computers to the same customers.  Many manufacturers sell their products directly to consumers over the Internet while also distributing their products through resellers.  Such manufacturers and resellers are obviously in competition for the business of the end users of those products.

thus the fact that other technology companies may be duped by the false advertisements into partnering with Dell cannot cause any competitive harm to InCompass.

*Second*, InCompass has not identified any statement in Dell's advertising that is literally false or that is true but misleading or confusing. *See Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390 (8th Cir. 2004). "To be actionable, the statement must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Id.* Here, InCompass attaches a Dell PartnerDirect brochure to its amended complaint. *See* Am. Compl. Ex. E [Docket No. 33-5]. But the allegedly false statements in the brochure to which InCompass points are not "specific and measurable" statements of "objective fact." *See, e.g.*, Am Compl. at Ex. E ("We'll support your sales opportunities so that you can protect your business." "We're there when and where you need us.").

For these reasons, InCompass has not stated a viable false-advertising claim under the Lanham Act, and Count V of the amended complaint is therefore dismissed with prejudice.[4]

### E.  Count VI (Minnesota Deceptive Trade Practices Act)

The Minnesota Deceptive Trade Practices Act ("MDTPA") permits a court to grant injunctive relief to any person who is "*likely to be* damaged by a deceptive trade practice of another." Minn. Stat. § 325D.45, subd. 1 (emphasis added). Clearly, then, to have standing to bring an MDTPA claim, a plaintiff must allege that it will suffer irreparable harm *in the future*. *See, e.g.*, *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-1091 (JNE/JSM), 2011 WL

---

[4]InCompass also seeks injunctive relief. *See* Am. Compl. at ¶¶ 100-01. But because InCompass has not alleged that it is likely to suffer irreparable harm in the future, it lacks standing to seek an injunction. *See Buetow v. A.L.S. Enter., Inc.*, 650 F.3d 1178, 1183 (8th Cir. 2011) (explaining that "irreparable harm absent the injunction" is "an essential and universal predicate to the grant of equitable relief").

4457956, at *4 (D. Minn. Sept. 23, 2011) ("If a party cannot show that it is likely to be injured in the future, it cannot obtain injunctive relief under the [MDTPA]."); *Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999) (explaining that the [MDTPA] provides only for injunctive relief).

Here, the amended complaint provides no reason to believe that Dell's allegedly deceptive trade practices are likely to harm InCompass in the future. To the contrary, if the allegations in the amended complaint are to be believed, InCompass is aware of Dell's deceptive trade practices and will not be victimized again. Count VI of the amended complaint is therefore dismissed with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendant's partial motion [Docket No. 35] to dismiss plaintiff's amended complaint [Docket No. 33] is GRANTED IN PART and DENIED IN PART.

2.    Defendant's motion is GRANTED to the following extent:

     a.    Count I (breach of non-disclosure agreement) and Count II (misappropriation of trade secrets) — insofar as those claims pertain to plaintiff's energy-saving technology — are DISMISSED WITHOUT PREJUDICE.

     b.    Count V (Lanham Act) and Count VI (Minnesota Deceptive Trade Practices Act) are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3.      Defendant's motion is DENIED in all other respects.

4.      No further amendments to plaintiff's complaint will be permitted.


Dated:  February  6 , 2012                          s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge